UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSHANE MORRIS, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>        Plaintiff,<br><br>   -against-<br><br>LASERSHIP, INC.,<br><br>        Defendant. | **COMPLAINT**<br><br>Docket No.: 19-cv-07196<br><br>Jury Trial Demanded |

RUSHANE MORRIS ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against LASERSHIP, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action seeking damages and equitable relief based upon Defendant's willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12 § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL § 652, NYCRR tit. 12 § 142-2.1; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread-of-hours worked exceeds ten, NYLL § 652(1), 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the

1

NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a Northeast regional parcel-delivery company - - as a parcel delivery driver in New York City from January 2014 until December 17, 2017. As described below, throughout his employment, Defendant willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendant required Plaintiff to work, and Plaintiff did in fact work, more than forty hours each workweek or virtually each week, yet Defendant intentionally failed to compensate Plaintiff at least at the statutorily-required rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for any hours that he worked in excess of forty in a week. Instead, Defendant paid Plaintiff on a piece-rate basis without any regard to actual hours worked, in violation of the FLSA's and the NYLL's overtime provisions, and which when added up per week, routinely fell below the NYLL's minimum wage rate for every hour worked.

3. Additionally, Defendant also violated the NYLL by: failing to pay Plaintiff an additional hour's pay at the minimum wage rate when his spread-of-hours exceeded ten; failing to provide Plaintiff with accurate wage statements on each payday; and failing to provide Plaintiff with an accurate wage notice upon his hire.

4. Defendant paid and treated all of its parcel delivery drivers in the same or similar manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendant in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant was and is a Delaware corporation, registered to do business in New York, with its principal place of business and address for service of process located at 1912 Woodford Road, Vienna, Virginia 22182.

10. At all relevant times herein, Defendant employed more than eleven employees in New York.

11. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and the NYLL. Additionally, during all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA as it conducted business across state lines, as is evidenced by the fact that it is organized under the laws of Delaware, is registered to receive

service of process and is headquartered in Virginia, and operates and does business in New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former parcel delivery drivers of Defendant, who during the applicable FLSA limitations period, performed any work for Defendant and who give consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant is a parcel-delivery company that delivers packages and post throughout New York and across the Northeast region of the United States.

17. In January 2014, Defendant hired Plaintiff to work as a delivery driver. Plaintiff held this position until the termination of his employment on December 17, 2017.

18. Plaintiff's direct supervisor throughout his employment was Ollie Worthy, Defendant's General Manager. Worthy personally hired and fired Plaintiff, determined Plaintiff's schedule, set Plaintiff's rate of pay.

19. As a delivery driver, Plaintiff's primary duties, as the name suggests, consisted of delivering packages and post to customers, solely in New York State, and primarily in Brooklyn.

20. Throughout Plaintiff's employment, Defendant typically required him to work, and he did work, six days per week, Monday through Saturday, from 6:00 a.m. until at least 9:00 p.m., without an uninterrupted break, for a total of approximately ninety hours per week.

21. Throughout his employment, Defendant paid Plaintiff on a piece-rate basis, whereby Plaintiff received a specific rate per package he delivered. Specifically, Defendant paid Plaintiff $1.50 per package delivered from the time of his hire until July 2017. In July 2017, Defendant began to pay Plaintiff between $1.50 and $2.00 per package delivered. At no time during his employment did Defendant provide Plaintiff with an overtime premium for his hours worked in a week in excess of forty.

22. Additionally, throughout Plaintiff's employment, Defendant routinely failed to pay Plaintiff at least at the then-applicable minimum wage rates under the NYLL.

23. Defendant also failed to provide Plaintiff with an additional hour's pay at the minimum wage rate on each day when the spread-of-hours between the beginning and end of his shift exceeded ten, which was virtually every day that he worked, and when his rate of pay fell at or below the effective minimum wage rate for the week.

24. By way of example only, during the week of June 5 through June 11, 2016, Plaintiff worked six days, Monday through Saturday, from 6:00 a.m. until 9:00 p.m., without an uninterrupted break, for a total of ninety hours that week. For his work that week, Plaintiff received $800.00, which amounts to $8.89 per hour for each hour of work. Defendant therefore did not pay Plaintiff at least at New York's statutorily required minimum wage rate for all hours worked during this week. Further, Defendant failed to compensate Plaintiff at the statutorily required rate of at least one and one-half times the minimum wage rate for any of the hours that he worked during this week in excess of forty, which was greater than his regular rate during this week, and failed to provide him with an additional hour's pay at the minimum wage rate on each day that his workday exceeded ten hours from start to finish, which was each day worked during this week.

25. By way of another example, during the week of December 4 through December 10, 2016, Plaintiff worked six days, Monday through Saturday, from 6:00 a.m. until 9:00 p.m., without an uninterrupted break, for a total of ninety hours that week. For his work that week, Plaintiff received $4,000.00, which amounts to $44.44 per hour for each hour of work. Defendant failed to compensate Plaintiff at the statutorily required rate of one and one-half times his regular rate for any of the hours that he worked during this week in excess of forty.

26. Defendant paid Plaintiff on a weekly basis via direct deposit.

6

27. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked per week, his regular rate of pay for all hours worked, or his overtime rate of pay for all hours worked over forty in a week.

28. Moreover, upon his hire, Defendant failed to provide Plaintiff with any wage notice, let alone one that accurately listed, *inter alia*: the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

29. Defendant treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

30. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

31. Each hour that Plaintiff worked was for Defendant's benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

32. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

34. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

36. Defendant willfully violated the FLSA.

37. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

39. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

41. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

42. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

43. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

44. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wages under the NYLL and the NYCRR*

45. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

47. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

48. As also described above, Defendant did not compensate Plaintiff and any FLSA Plaintiff who opts-into this action, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

49. At the least, Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and the NYCRR for all hours worked.

50. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

51. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread-of-hours exceeds ten.

53. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

54. As also described above, Defendant failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with spread of hours pay for each day when the spread of hours of their workday exceeded ten.

55. Plaintiff and any FLSA Plaintiff who opts-into this action, are entitled to recover one hour's pay, at the minimum wage rate, for all days during which their shifts exceeded ten hours from start to finish.

56. Plaintiff and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay the required spread of hours pay.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

60. As also described above, Defendant, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

63. Plaintiff and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers furnish employees with a wage notice containing accurate, specifically enumerated criteria at the time of hire.

65. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

66. As also described above, Defendant failed to provide Plaintiff and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone one accurately containing the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

68. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

69. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs and expenses, and an award of a service payment to Plaintiff;

      h.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       December 23, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel.: (516) 248-5550
Fax: (516) 248-6027

By: _____
     MATTHEW J. FARNWORTH, ESQ. (MF 0304)
     ALEXANDER T. COLEMAN, ESQ. (AC 8151)
     MICHAEL J. BORRELLI, ESQ. (MB 8533)